THE MATHEWS LAW GROUP
CHARLES T. MATHEWS (SBN 55889)
GEORGE S. AZADIAN (SBN 253342)
2596 Mission Street, Suite 204
San Marino, California 91108
Phone: (626) 683-8291
Fax:    (626) 683-8295
Ted@ctmesq.com
George@ctmesq.com

Attorneys for Plaintiff
    CLAUDIA JOHNSON

FILED

2011 APR 26 PM 4: 18

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY: _____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA JOHNSON, on behalf of herself and all others similarly situated, | CASE NO. CV 11-03590 PA (JCx) |
| Plaintiff, | CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ. |
| vs. | |
| WELLS FARGO DEALER SERVICES, INC., formerly known as WACHOVIA DEALER SERVICES, INC. | |
| Defendant. | CLASS ACTION JURY TRIAL DEMANDED |

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1    Claudia Johnson ("Plaintiff"), individually and on behalf of all others
2  similarly situated, alleges on personal knowledge, investigation of counsel, and on
3  information and belief as follows:

## INTRODUCTION AND NATURE OF ACTION

5    1.    Plaintiff, individually and on behalf of all others similarly situated,
6  brings this action for statutory damages, injunctive relief and any other available
7  legal or equitable remedies, resulting from the illegal actions of Wells Fargo Dealer
8  Services, Inc. ("Defendant"), formerly Wachovia Dealer Services, Inc., in
9  negligently and/or willfully placing or having calls placed to Plaintiff on her
10 cellular telephone without her prior express consent and not for emergency
11 purposes (sometimes referred to herein as "Prohibited Calls"), in violation of the
12 Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq., ("TCPA").

13    2.    In 1991, Congress enacted the TCPA in an effort to combat the
14 invasion of privacy faced by everyday Americans who received unwanted calls.  In
15 relevant part, the TCPA prohibits the use of an automatic telephone dialing system
16 to call any telephone number assigned to a cellular telephone service absent an
17 emergency purpose or the "prior express consent" of the called party.  The Federal
18 Communication Commission ("FCC"), the agency empowered to implement the
19 TCPA, mandates that "the burden will be on the creditor to show it obtained the
20 necessary prior express consent."[1]

## JURISDICTION AND VENUE

22    3.    This Court has jurisdiction under the Class Action Fairness Act of
23 2005 because Plaintiff seeks up to $1,500 in statutory damages for each of the
24 hundreds of calls that were placed to her cellular phone in violation of the TCPA,
25 which, when aggregated among a proposed classes exceeds $5,000,000.
26 Additionally, Plaintiff is a citizen of Texas and Defendant is a citizen of California.

27 [1]   In the Matter of Rules and Regulations Implementing the Telephone Consumer
    Protection Act of 1991, 23 F.C.C.R. 559, at ¶ 10 (2008).
28

1   Plaintiff also seeks to represent numerous class members, who are citizens of
2   various other States.
3       4.      Venue is proper in the United States District Court for the Central
4   District of California pursuant to 28 U.S.C. § 1391 because Defendant is a
5   California corporation and, therefore, resides in California.
6                                **PARTIES**
7       5.      Plaintiff is, and at all times mentioned herein was, an individual
8   citizen of the State of Texas, and resident of Tarrant County. Plaintiff is, and at all
9   times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(32).
10      6.      Defendant is, and at all times mentioned herein was, a national
11  automobile consumer lender and a California corporation. Defendant's principal
12  place of business is 23 Pasteur, Irvine, California 92613. Defendant does business
13  throughout the country, including this District. Defendant is, and at all times
14  mentioned herein was, a "person," as defined by 47 U.S.C. § 153(32).
15      7.      Defendant is the successor to Wachovia Dealer Services, Inc., a
16  subsidiary of Wachovia Corporation. Wachovia Corporation, the parent
17  corporation of Wachovia Dealer Services, Inc., merged with Defendant's parent
18  company (Wells Fargo & Company) pursuant to a definitive merger agreement,
19  which closed on December 31, 2008. Subsequent to the closing of the merger,
20  Wachovia Dealer Services, Inc. changed its name to Wells Fargo Dealer Services,
21  Inc. Defendant is the continuation of Wachovia Dealer Services, Inc., occupies the
22  same offices, including 23 Pasteur, Irvine, California 92613 and employs
23  substantially similar debt collection practices previously employed by Wachovia
24  Dealer Services, Inc., including use of automatic telephone dialing systems. As its
25  successor, Defendant is liable for all actions of Wachovia Dealer Services, Inc. and
26  the term "Defendant" encompasses both Wells Fargo Dealer Services, Inc. and
27  Wachovia Dealer Services, Inc.
28

-2-
CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

## PLAINTIFF'S FACTUAL ALLEGATIONS

8.     Defendant has placed numerous Prohibited Calls to Plaintiff's cellular phone. The FCC has mandated: "[a] creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."[2] Thus, Defendant is liable for the Prohibited Calls placed by any third party seeking debt collection for Defendant's accounts. Additionally, Defendant is liable for Prohibited Calls it has placed directly.

9.     These Prohibited Calls were placed by Defendant starting in approximately early 2010 and continued thereafter.

10.     During these Prohibited Calls, Defendant used an "automatic telephone dialing system and/or an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Some of these Prohibited Calls played a prerecorded message. Other calls had a delay prior to a live person speaking to Plaintiff, indicating that the calls were placed by an automatic telephone dialing system.

11.     These calls were for the purpose of collecting debt and were not for emergency purposes.

12.     Plaintiff has incurred charges for these Prohibited Calls.[3]

13.     Plaintiff does not have any loans with Defendant and the Prohibited Calls are being placed for a loan owed by Plaintiff's husband.

14.     Plaintiff did not co-sign or guarantee her husband's loan in any manner whatsoever. Plaintiff has not provided her cellular phone number to Defendant or signed any paper work relating to her husband's loan.

15.     Defendant obtained Plaintiff's cellular phone number because she was listed as a reference for her husband's loan or through the skip-tracing process used

[2] Id.
[3] The FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." Id. ¶ 7.

-3-

1    by debt collectors to independently locate telephone numbers of debtors' family

2    members.

3        16.    Plaintiff did not provide "prior express consent" to receive the

4    Prohibited Calls on her cellular telephone as set forth in 47 U.S.C. § 227(b)(1)(A).

5        17.    These Prohibited Calls placed by Defendant were in violation of 47

6    U.S.C. § 227(b)(1).

7                        **CLASS ACTION ALLEGATIONS**

8        18.    Plaintiff brings this action on behalf of herself and on behalf of all

9    others similarly situated (the "Consent Class"), as follows:

10            All persons within the United States to whom Defendant(s) has

11            placed a call to said person's cellular telephone (without their

12            prior express consent and not for emergency purposes) through

13            the use of an automatic telephone dialing system or an artificial

14            or prerecorded voice, within the four years prior to the filing of

15            this Complaint.

16        19.    Plaintiff also brings this action on behalf of herself and on behalf of

17    all others similarly situated (the "Reference Class"), as follows:

18            All persons within the United States to whom Defendant has

19            placed a call to said person's cellular telephone through the use

20            of an automatic telephone dialing system or an artificial or

21            prerecorded voice, within the four years prior to the filing of

22            this Complaint, where such person does not have any debtor-

23            creditor relationship with the Defendant (i.e., the recipient of

24            Defendant's call is a reference, family member of the debtor or

25            the like).

26        20.    Plaintiff also brings this action on behalf of herself and on behalf of

27    all others similarly situated (the "Skip-Tracing Class"), as follows:

28

-4-
**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT**

All persons within the United States to whom Defendant has placed a call to said person's cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint, where such person's cellular phone number was obtained by Defendant through skip tracing (i.e., Defendant independently obtained the cellular phone number from sources other than the called party or the creditor).

21.     Defendant, its employees and other agents, the Judge to whom this action is assigned and any members of the Judge's staff, and claims for personal injury, wrongful death and/or emotional distress are excluded from the classes. Plaintiff reserves the right to amend the definitions of the classes as facts are learned through further investigation and discovery.

22.     Plaintiff does not know the number of members in the Consent Class, Reference Class and Skip-Tracing Class (together, the "Classes") but believes, based on Defendant's market share and investigation of counsel, that the number is in the thousands, if not substantially higher for each of the Classes.  Thus, joinder of all members of each class is impractical due to the size of each class and relatively small value of each member's claim.

23.     The Internet is replete with discussions between numerous members of the Classes desperate to end Defendant's Prohibited Calls.  The following is a sampling, evidencing Defendant's egregious violations of the TCPA, the invasion of privacy suffered by members of the Classes, the numerosity of the Classes' members, the commonality of the issues and the typicality of Plaintiff as a representative for the Classes:

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

## PLAINTIFF'S FACTUAL ALLEGATIONS

8.     Defendant has placed numerous Prohibited Calls to Plaintiff's cellular phone. The FCC has mandated: "[a] creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."[2] Thus, Defendant is liable for the Prohibited Calls placed by any third party seeking debt collection for Defendant's accounts. Additionally, Defendant is liable for Prohibited Calls it has placed directly.

9.     These Prohibited Calls were placed by Defendant starting in approximately early 2010 and continued thereafter.

10.    During these Prohibited Calls, Defendant used an "automatic telephone dialing system and/or an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A). Some of these Prohibited Calls played a prerecorded message. Other calls had a delay prior to a live person speaking to Plaintiff, indicating that the calls were placed by an automatic telephone dialing system.

11.    These calls were for the purpose of collecting debt and were not for emergency purposes.

12.    Plaintiff has incurred charges for these Prohibited Calls.[3]

13.    Plaintiff does not have any loans with Defendant and the Prohibited Calls are being placed for a loan owed by Plaintiff's husband.

14.    Plaintiff did <u>not</u> co-sign or guarantee her husband's loan in any manner whatsoever. Plaintiff has not provided her cellular phone number to Defendant or signed any paper work relating to her husband's loan.

15.    Defendant obtained Plaintiff's cellular phone number because she was listed as a reference for her husband's loan or through the skip-tracing process used

[2] Id.
[3] The FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." Id. ¶ 7.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1  by debt collectors to independently locate telephone numbers of debtors' family

2  members.

3      16.    Plaintiff did not provide "prior express consent" to receive the

4  Prohibited Calls on her cellular telephone as set forth in 47 U.S.C. § 227(b)(1)(A).

5      17.    These Prohibited Calls placed by Defendant were in violation of 47

6  U.S.C. § 227(b)(1).

7                    **CLASS ACTION ALLEGATIONS**

8      18.    Plaintiff brings this action on behalf of herself and on behalf of all

9  others similarly situated (the "Consent Class"), as follows:

10         All persons within the United States to whom Defendant(s) has

11         placed a call to said person's cellular telephone (without their

12         prior express consent and not for emergency purposes) through

13         the use of an automatic telephone dialing system or an artificial

14         or prerecorded voice, within the four years prior to the filing of

15         this Complaint.

16      19.    Plaintiff also brings this action on behalf of herself and on behalf of

17  all others similarly situated (the "Reference Class"), as follows:

18         All persons within the United States to whom Defendant has

19         placed a call to said person's cellular telephone through the use

20         of an automatic telephone dialing system or an artificial or

21         prerecorded voice, within the four years prior to the filing of

22         this Complaint, where such person does not have any debtor-

23         creditor relationship with the Defendant (i.e., the recipient of

24         Defendant's call is a reference, family member of the debtor or

25         the like).

26      20.    Plaintiff also brings this action on behalf of herself and on behalf of

27  all others similarly situated (the "Skip-Tracing Class"), as follows:

28

-4-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1    All persons within the United States to whom Defendant has

2    placed a call to said person's cellular telephone through the use

3    of an automatic telephone dialing system or an artificial or

4    prerecorded voice, within the four years prior to the filing of

5    this Complaint, where such person's cellular phone number was

6    obtained by Defendant through skip tracing (i.e., Defendant

7    independently obtained the cellular phone number from sources

8    other than the called party or the creditor).

9    21.    Defendant, its employees and other agents, the Judge to whom this

10   action is assigned and any members of the Judge's staff, and claims for personal

11   injury, wrongful death and/or emotional distress are excluded from the classes.

12   Plaintiff reserves the right to amend the definitions of the classes as facts are

13   learned through further investigation and discovery.

14   22.    Plaintiff does not know the number of members in the Consent Class,

15   Reference Class and Skip-Tracing Class (together, the "Classes") but believes,

16   based on Defendant's market share and investigation of counsel, that the number is

17   in the thousands, if not substantially higher for each of the Classes.  Thus, joinder

18   of all members of each class is impractical due to the size of each class and

19   relatively small value of each member's claim.

20   23.    The Internet is replete with discussions between numerous members

21   of the Classes desperate to end Defendant's Prohibited Calls.  The following is a

22   sampling, evidencing Defendant's egregious violations of the TCPA, the invasion

23   of privacy suffered by members of the Classes, the numerosity of the Classes'

24   members, the commonality of the issues and the typicality of Plaintiff as a

25   representative for the Classes:

26

27

28

-5-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1    "Beth

2    9 Nov 2010

3    Wells Fargo Dealer Services calls incessantly. I was listed as a reference for

4    someone."

5   Available at, http://800notes.com/Phone.aspx/1-800-289-8004/7 (accessed on

6   April 25, 2011).

7    "Bob

8    4 Mar 2011

9    Have asked this company several times to stop calling me and they keep

10    calling. I never had an account with them. There should be a way to file

11    harrassment charges against them."

12   Available at, http://800notes.com/Phone.aspx/1-800-289-8004/7 (accessed on

13   April 25, 2011).

14    "tired

15    11 Mar 2011

16    Tired of these phone calls. I have no dealings with WFS financial or

17    Wachovia Dealer Services."

18   Available at, http://800notes.com/Phone.aspx/1-800-289-8004/7 (accessed on

19   April 25, 2011).

20    "lori

21    11 Nov 2009

22    these [expletive] call me telling me that wendy dejo had me as a reference

23    me and my husband ask me to for my info and account with i have no

24    account with then , i have bank account with wachovia but not then , i have

25    no idea who WENDY DEJO is. this is a scan."

26   Available at, http://whocallsme.com/Phone-Number.aspx/8002898004 (accessed

27   on April 25, 2011).

28

-6-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1    "g

2    8 Jun 2010

3    they just called me and left a message. a woman asking for gloria, saying

4    rodrigo gave her the number. no clue who those people are. everyone's

5    saying its wachovia..probably is, but i dont have any business with

6    wachovia either."

7    Available at, http://whocallsme.com/Phone-Number.aspx/8002898004) (accessed

8    on April 25, 2011).

9    "Sara

10   19 Oct 2010

11   I got a call from this number as well.  They were trying to contact my

12   Nanny from the summer who probably used me as a work reference when

13   purchasing her car.  The man was very vague in what he wanted but wanted

14   me to tell him how to get in contact with her.  I told him that I had not

15   spoken to her in months and that I was not sure how to get in touch with her

16   but that it was my cell number he was calling.  This was also Wachovia

17   when I returned the call to see where they were calling from."

18   Available at, http://800notes.com/Phone.aspx/1-913-905-6404 (accessed on April

19   25, 2011).

20   "Erick

21   18 Oct 2007

22   Didn't pick up, left an automated message.  I didn't get the first part of the

23   message, it starts with them saying their office hours and then saying to call

24   Wachovia Auto or something like that (definitely Wachovia and something

25   car related).  I've never done any business with Wachovia and my car has

26   been paid off for a year.  They called my cell phone with an autodialer,

27   pretty sure that's illegal."

28

-7-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

1  Available at, http://800notes.com/Phone.aspx/1-949-753-1322 (accessed on April
2  25, 2011).

3      24.    The members of the Consent Class, Reference Class and Skip-Tracing
4  Class share well defined and nearly identical questions of law and fact, which
5  predominate over questions that may affect individual members of the Classes.
6  These common questions of law and fact include:

7      a.    Whether, within the four years prior to the filing of this Complaint,
8  Defendant has placed any calls (other than a call made for emergency
9  purposes or made with the prior express consent of the called party) using
10  any automatic telephone dialing system or an artificial or prerecorded voice
11  to any telephone number assigned to a cellular telephone service.

12      b.    Whether, within the four years prior to the filing of this Complaint,
13  Defendant has placed any calls to persons' cellular phones, where such
14  persons do not have any debtor-creditor relationship with the Defendant (i.e.,
15  the recipient of Defendant's call is a reference, family member of the debtor
16  or the like).

17      c.    Whether Defendant maintained procedures and/or practices regarding
18  calling persons because they are:  (a) listed or otherwise used as a reference
19  by a debtor, (b) a family member or other relative of the debtor, (c) the
20  debtor's employer or co-worker, or (d) live with or near the debtor.

21      d.    Whether, within the four years prior to the filing of this Complaint,
22  Defendant has placed any calls to any cellular phone numbers that
23  Defendant obtained through the use of skip tracing.

24      e.    Whether Defendant maintained procedures and/or practices regarding
25  segregating telephone numbers obtained through skip tracing that are
26  cellular telephone numbers to ensure that such numbers are not called using
27  an automatic telephone dialing system or an artificial or prerecorded voice.

28      f.    Whether Defendant's conduct was knowing and/or willful.

-8-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

g.      Whether Defendant can meet its burden of proving it had obtained prior express consent for such calls to members of the Classes.

h.      Whether Defendant should be enjoined from placing such calls in the future.

25.     Members of the Classes are ascertainable and can be identified through Defendant's records.  The contemplated notice to the Classes will be refined through discovery but is likely to include a combination of mail, email, publication, Internet notice and call centers.

26.     Plaintiff and members of the Classes are entitled to statutory damages as provided for under the TCPA.

27.     As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice: (1) without Plaintiff's prior express consent; (2) as a person who never had an account with Defendant; and (3) as a person who did not provide her cellular phone number to Defendant, Plaintiff is asserting claims that are typical of the Classes.

28.     Plaintiff will fairly and adequately represent and protect the interests of the Consent Class, Reference Class and Skip-Tracing Class in that Plaintiff has no interests antagonistic to any member of the Classes.

29.     Plaintiff and the members of the Classes have all suffered harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, members of the Classes will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Class-wide damages are essential to induce Defendant to comply with federal law.

30.     Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

-9-

31.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

32.   A class action is a superior method for the fair and efficient adjudication of this controversy.

33.   Defendant has acted on grounds and refused to act on grounds generally applicable to each of the Classes.

34.   Based on the foregoing, Plaintiff respectfully requests certification of the Classes pursuant to Federal Rule of Civil Procedure 23(b)(3). In the event that individual issues predominate or notice to any one of the Classes cannot be provided in accordance with the requirements of Rule 23(c)(2)(B), Plaintiff respectfully requests that such class be certified pursuant to Rule 23(b)(2) for injunctive relief and that notice be delivered as directed by the Court under Rule 23(b)(2)(A).

## FIRST CLAIM

### (NEGLIGENT VIOLATIONS OF THE TCPA)

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   The forgoing acts and omissions of Defendant constitutes numerous negligent violations of the TCPA, including but not limited to violations of 47 U.S.C. § 227(b)(1).

37.   As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and each of the members of the Classes are entitled to statutory damages of $500 for each and every Prohibited Call placed by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B).

38.   Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

## SECOND CLAIM

## (KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA)

39.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.     The foregoing acts and omissions of Defendant constitutes numerous knowing and/or willful violations of the TCPA, including but not limited to violations of 47 U.S.C. § 227(b)(1).

41.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C § 227, Plaintiff and each of the members of the Classes are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

42.     Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

43.     Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendant:

a.     An Order, pursuant to Federal Rule of Civil Procedure 23(c) and (g), certifying the proposed Classes and appointing Plaintiff's undersigned counsel of record to represent the Consent Class, Reference Class and Skip-Tracing Class.

b.     An Order issuing an injunction, pursuant to 47 U.S.C. § 227(b)(3)(A), enjoining Defendant from placing any further Prohibited Calls to members of the Classes and complying with the TCPA.

c.     As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the Classes $500 in statutory damages, for each Prohibited Call placed to members of the Classes, pursuant to 47 U.S.C. § 227(b)(3)(B).

-11-

1      d.    As a result of Defendant's willful and/or knowing violations of 47

2   U.S.C. § 227(b)(1), Plaintiff seeks for herself and each member of the

3   Classes treble damages, as provided by statute, up to $1,500 for each and

4   every Prohibited Call placed by Defendant, pursuant to 47 U.S.C. §

5   227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

6      e.    An award of attorneys' fees and costs to counsel.

7      f.    Such other relief as the Court deems just and proper.

8   **TRIAL BY JURY**

9   44.   Plaintiff demands a jury trial on all claims.

10

11   Dated: April 26, 2011          THE MATHEWS LAW GROUP

12                           By:

13                           Charles T. Mathews

14                           Attorneys for Plaintiff

15                           CLAUDIA JOHNSON

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE
CONSUMER PROTECTION ACT

THE MATHEWS LAW GROUP
CHARLES T. MATHEWS (SBN 55889)
GEORGE S. AZADIAN (SBN 253342)
2596 Mission Street, Suite 204
San Marino, California 91108

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA JOHNSON, on behalf of herself and all others similarly situated, <br><br> PLAINTIFF(S) <br><br> v. <br><br> WELLS FARGO DEALER SERVICES, INC., formerly known as WACHOVIA DEALER SERVICES, INC. <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV 11-03590 PA (JCx)** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S): <u>WELLS FARGO DEALER SERVICES, INC.</u>

        A lawsuit has been filed against you.

        Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>CHARLES T. MATHEWS</u>, whose address is <u>2596 Mission Street, Suite 204, San Marino, California 91108</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: <u>April 26, 2011</u>                         By: _____

                                                                          **NANCY K BOEHME**
                                                                          Deputy Clerk

                                                                          *(Seal of the Court)*

                                                                                        1191

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                   SUMMONS

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Claudia Johnson | Wells Fargo Dealer Services, Inc. 23 Pasteur Irvine, California 92613 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| THE MATHEWS LAW GROUP 2596 Mission Street, Suite 204, San Marino CA 91108 626-683-8291 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:** JURY DEMAND: ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☒ Yes ☐ No          ☒ MONEY DEMANDED IN COMPLAINT: $ 1500/violation (over $5,000,000)

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. 1332(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☒ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|
| | **CV 11-03590 PA (JCx)** | |

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Texas |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, California | Texas |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date April 26, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |