UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Disqualify (Docket No. 7) and a Motion to Strike (Docket No. 8.) filed by defendant Wells Fargo Dealer Services, Inc. ("Defendant").  Plaintiff Claudia Johnson ("Plaintiff") has filed an Opposition.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for July 11, 2011, is vacated, and the matter taken off calendar.

I.   Factual and Procedural Background

Plaintiff filed this putative class action against Defendant on April 26, 2011.  The Complaint alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq. by using an automatic telephone dialing system to call Plaintiff's cellular phone for purposes of collecting a debt.  Plaintiff alleges that these calls concerned a loan originated by her husband that she did not co-sign or guarantee.  She also alleges that she did not provide her cellular telephone number to Defendant, and did not expressly consent to receive these calls.  Plaintiff filed this action on behalf of a nationwide class who received calls from Defendant through an automatic telephone dialing system and did not expressly consent to such calls.

Plaintiff is represented by The Mathews Law Group, including attorney George S. Azadian.  Azadian joined The Mathews Law Group on April 1, 2011.  Azadian was previously employed at the law firm Stroock, Stroock, and Lavan LLP ("Stroock").  During his employment at Stroock, Azadian defended Wells Fargo Bank, N.A. ("Bank") against a class action entitled Sharon Cheslow v. Wells Fargo Bank, N.A., Case No. 10-cv-00503-SI, filed in the U.S. District Court for the Northern District of California in February 2010 (the "Cheslow Action").  The plaintiffs in the Cheslow Action were recipients of federal student loans who alleged that Bank improperly capitalized the interest on their loans.

Defendant and Bank are both subsidiaries of Wells Fargo & Company, which is a shell holding corporation.  The Wells Fargo Legal Department ("Legal Department") performs in-house legal services for all entities and operating subdivisions under the Wells Fargo & Company umbrella, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

Defendant and Bank. The in-house attorney in charge of the Bank's defense of the Cheslow Action was Shannon Gausman. Azadian was an associate on the Stroock defense team, working under the supervision of another Stroock attorney, Lisa Simonetti. Gausman claims that during the course of the Cheslow Action she discussed strategy, risk assessment, and settlement approach with Azadian. Azadian was given access to confidential client documents and billed over 175 hours on the matter. The Cheslow action settled in June 2010.

One of Azadian's responsibilities at Stroock was to send newly-filed complaints to the firm's contacts. On June 15, 2010 and June 18, 2010, at the direction of his superiors, Azadian sent Gausman two complaints that had been filed against another subsidiary of Wells Fargo & Company called Wells Fargo Home Mortgage, Inc. ("Home Mortgage"). The complaints were filed in the Southern District of California, Alberto Malta v. The Federal Home Loan Mortgage Corporation, et al., Case No. 10CV1290IEG BLM (the "Malta Action"), and Sean Hopkins v. Government National Mortgage Association, et al., Case No. 10CV1266 L HLS (the "Hopkins Action"). The Malta and Hopkins actions both alleged that Home Mortgage had violated the TCPA by placing prohibited calls to the plaintiffs' cellular telephones through an automatic telephone dialer system without the plaintiffs' prior express consent. The Legal Department retained Stroock to represent Home Mortgage in both actions and they are being handled by Gausman and other members of Azadian's Stroock litigation group working under Simonetti's supervision. Aside from forwarding the complaints to Gausman, Azadian himself did not perform or bill any work on the Malta and Hopkins Actions. Azadian began working on the instant action against Defendant the same day that he joined The Mathews Law Group.

Defendant now moves to disqualify Azadian and his firm from representing Plaintiff because his representation violates California Rules of Professional Conduct § 3-310(E). Defendant also moves to strike certain portions of Plaintiff's Complaint under Federal Rule of Civil Procedure 12(f) as irrelevant, immaterial, and redundant.

II.     Motion to Disqualify

Each attorney practicing before this Court has an obligation to comply with the Rules of Professional Conduct of the State Bar of California, which have been adopted by this Court. Local Rule 83-3.1.2. "Federal courts have inherent powers to manage their own proceedings and to control the conduct of those who appear before them." Erickson v. Newmar Corp., 87 F.3d 298, 303 (9th Cir. 1996) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 2132, 115 L. Ed. 2d 27 (1991)). These inherent powers include the power to disqualify counsel for unethical behavior. See id. California law controls whether an ethical violation has occurred in a federal case in California. Wininger v. SI Management L.P., 301 F.3d 1115, 1122 (9th Cir. 2002).

"Two types of situations give rise to conflicts disqualifying counsel: concurrent representation and successive representation." Cal. West Nurseries, Inc. v. Superior Court, 129 Cal. App. 4th 1170, 1174, 29 Cal. Rptr. 3d 170, 173 (Ct. App. 2005). Successive representation is governed by California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

Rules of Professional Conduct § 3-310(E), which states that "[a] member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment." Disqualification in a successive representation case depends on whether there was a "substantial relationship" between the former and current representation. Jessen v. Hartford Cas. Ins. Co., 111 Cal. App. 4th 698, 705, 3 Cal. Rptr. 3d 877, 881 (2003). Determining the existence of a substantial relationship requires evaluation of two factors: "(1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation, and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation." Id. at 709, 3 Cal. Rptr. at 884-85.

If an attorney was directly and personally involved in the former representation then "it must be presumed that confidential information has passed to the attorney and there cannot be any delving into the specifics of the communications between the attorney and the former client . . . ." Id. at 709, 3 Cal. Rptr. at 885. In such a case, disqualification will depend solely on the similarities between the legal problems in the former representation and the current representation. Id. However, if the attorney's relationship with the former client is "peripheral or attenuated," a court applies the "modified substantial relationship" test outlined in Adams v. Aerojet-General Corporation, 86 Cal. App. 4th 1324, 1340, 104 Cal. Rptr. 2d 116, 127 (2001). Adams addressed the standard for disqualification of a "firm-switching attorney." The firm-switching attorney is one who was formerly employed at a firm representing a client, but was not personally involved with the representation of that client. When that attorney switches employment to a new law firm that represents a party adverse to the former firm's client, "[t]he court's task, under these circumstances, is to determine whether confidential information material to the current representation would normally have been imparted to the attorney during his tenure at the old firm." Id. Factors in making this determination include:

> [A]ny time spent by the attorney working on behalf of the former client and "the attorney's possible exposure to formulation of policy or strategy" in matters relating to the current dispute. The court should also take into account whether the attorney worked out of the same branch office that handled the former litigation, and/or whether his administrative or management duties may have placed him in a position where he would have been exposed to matters relevant to the current dispute.

Id. (quoting H.F. Ahmanson & Co. v. Salomon Bros., Inc., 229 Cal. App. 3d 1445, 1455, 280 Cal. Rprtr. 514 at 620 (1991)). "The attorney whose disqualification is sought should carry the burden of proving that he had no exposure to confidential information relevant to the current action while he was a member of the former firm." Id. at 1340-41, 104 Cal. Rptr. 2d at 127. The attorney must make an affirmative showing that he was not exposed to confidential information, and cannot fulfill his burden through "a cursory denial." Id. at 1341, 104 Cal. Rptr. 2d at 127. In evaluating the evidence a court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

may apply inferences, deductions, or working presumptions about the way that lawyers work together. Id. at 1340, 104 Cal. Rptr. at 127.

Moreover, "[b]efore an attorney may be disqualified from representing a party in litigation because his representation of that party is adverse to the interest of a current or former client, it must first be established that the party seeking the attorney's disqualification was or is 'represented' by the attorney in a manner giving rise to an attorney-client relationship." Civil Serv. Comm'n v. Superior Court, 163 Cal. App. 3d 70, 76-77, 209 Cal. Rptr. 159, 163 (1984). Because of this rule, an attorney representing a corporation is ordinarily permitted to represent a party who files a lawsuit against that corporation's subsidiary or affiliate, since the corporation and its affiliate are treated as two separate entities. Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft, LLP, 69 Cal. App. 4th 223, 240, 81 Cal. Rptr. 2d 425, 436 (1999). However, where there is a sufficient "unity of interests" between a corporation and its affiliate, the two entities may be treated as one for the purposes of determining a conflict of interest. Id., 69 Cal. App. 4th at 253, 81 Cal. Rptr. 2d at 444. In evaluating the "unity of interests" a court may look at three factors: (1) whether, during the course of his representation of the corporation, the attorney received confidential information which is substantially related to the present claim against the affiliate; (2) the degree of overlap between the management of the legal affairs of the corporation and its affiliate; and (3) the degree of overlap between other management personnel and operations of the corporation and its affiliate. Id. at 245-48, 81 Cal. Rptr. 2d at 439-41. "[T]he principal focus should be the practical consequences of the attorney's relationship with the corporate family. If that relationship may give the attorney a significant practical advantage in a case against an affiliate, then the attorney can be disqualified from taking the case." Id. at 253, 81 Cal. Rptr. 2d at 444.

Here there are two possible bases for disqualifying Azadian: his involvement in the Cheslow Action and his former colleagues' involvement in the Malta and Hopkins Actions. The legal problems in the Malta and Hopkins Actions are practically identical to the legal problems in this action, and Azadian's colleagues certainly would have received confidential information that is material to the current action. However, since Azadian did not personally represent the client on the Malta and Hopkins Actions the Court applies the modified substantial relationship test to determine whether Azadian should be disqualified. In support of Plaintiff's argument that Azadian was not exposed to confidential information Azadian submits a declaration stating the following:

> To the best of my recollection, I was not staffed on the Malta/Hopkins Actions, I did not work on the Malta/Hopkins Actions, and did not receive, review, or otherwise discuss confidential information relating to the Malta/Hopkins Actions. If I did any work whatsoever on the Malta/Hopkins Actions, I would have billed my time.

(Azadian Decl. ¶ 6.) The Court finds that Azadian's declaration contains nothing more than the sort of "cursory denial" which is insufficient to meet his burden to disprove exposure to confidential client information. Azadian was a member of the same litigation group and worked under the same supervisor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

as the Stroock attorneys who handled the Malta and Hopkins Actions. Although Azadian did not bill any work on the Malta and Hopkins Actions he was aware of their existence, having forwarded the complaints to Gausman. Moreover, Stroock's representation was still ongoing when Azadian joined The Mathews Law Group and began representing Plaintiff. Such facts support an inference that Azadian would have learned of confidential information from his colleagues while at Stroock and weigh in favor of disqualification.

Plaintiff argues that Azadian should not be disqualified because Home Mortgage and Defendant are separate legal entities. However, the Court finds that there is a sufficient unity of interests between Defendant and Home Mortgage such that they may be treated as a single client for purposes of disqualification. Home Mortgage and Defendant share the same legal department, and are being represented by the same in-house counsel in both this action and the Malta and Hopkins Actions. Moreover, not only has Azadian failed to disprove his exposure to confidential information from the Malta and Hopkins Actions, but he also does not dispute that he has some previous working relationship with Gausman and has assisted in defending Bank from a class action. Under these circumstances, where the legal affairs of Defendant and Home Mortgage are being handled by the same person and Azadian has had recent contact with that person in the context of defending against class action litigation, the practical consequences are that Azadian would have an advantage against Defendant.

In light of Azadian's failure to affirmatively show that he was not exposed to confidential client information in the Malta and Hopkins Actions, Azadian must be disqualified from representing Plaintiff in this action. Since Azadian is disqualified, and there is no showing that he was screened from other members of The Mathews Law Group upon joining that firm, all members of The Mathews Law Group are also disqualified from representing Plaintiff. See Kirk v. First Am. Title Ins. Co., 183 Cal. App. 4th 776, 801, 108 Cal. Rptr. 3d 620, 637-38 (2010)(holding that there is a presumption that a tainted attorney's disqualification is imputed to the entire law firm unless the law firm provides evidence that there was an effective screen in place to prevent sharing of confidences).

III.    Motion to Strike

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Matter is "immaterial" where it has "no essential or important relationship to the claim for relief . . . being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Impertinent matter does not pertain, and is not necessary, to the issues in question. Id.

Defendant moves to strike portions of the Complaint in which Plaintiff quotes anonymous internet postings by consumers complaining that Defendant continuously made unauthorized debt

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3590 PA (JCx) | Date | July 11, 2011 |
|---|---|---|---|
| Title | Claudia Johnson v. Wells Fargo Dealer Services, Inc. | | |

collection calls through an automated telephone service. Defendant claims that these quotations are irrelevant and unsubstantiated hearsay which are included as an improper attempt to give the consumer statements the "force of fact." Several other district courts have denied motions to strike similar quotations, noting that allegations in a complaint are not evidence, that such quotations are not prejudicial, and that the quotations are relevant to show that other consumer suffered similar wrongs. See Anderson v. The CBE Group, Inc., et al., No. C 11-245 SI, 2011 U.S. Dist. LEXIS 42334 at *7-8 (N.D. Cal. Apr. 18, 2011)(denying motion to strike anonymous internet postings as "inadmissible hearsay, prejudicial, and not susceptible to investigation to ascertain their truth" since "allegations in a complaint are not evidence" and "Defendants may propound discovery to investigate . . . what other information plaintiffs may have about the postings"); Ironforge.com v. Paychex, Inc., 747 F. Supp. 2d 384, 405 (W.D.N.Y. 2010)(denying motion to strike allegations concerning anonymous internet postings about the defendant where allegations were not prejudicial); Germain v. J.C. Penney Co., No. CV 09-2847 CAS (FMOx), 2009 WL 1971336 at *8 (C.D. Cal. July 6, 2009)(denying motion to strike anonymous internet postings where they were relevant to the plaintiffs' claims for injunctive relief in a "representative action" brought under California Unfair Competition law). The Court finds that Defendant's evidentiary objections are misplaced at the pleading stage and that there is nothing prejudicial about the anonymous internet quotations, which simply claim that Defendant made unauthorized telephone calls. Moreover, the quotations have some relevance as to the existence of a class who suffered similar injuries as Plaintiff. For these reasons, Defendant's Motion to Strike is denied.

Conclusion

Accordingly, Defendant's Motion to Disqualify is granted, and The Mathews Law Group, including George S. Azadian, is disqualified from representing Plaintiff in this action. Defendant's Motion to Strike is denied.

Defendant shall file its answer no later than July 25, 2011. Plaintiff shall file a substitution of counsel no later than August 15, 2011, or else show cause in writing why her class action allegations should not be stricken from the Complaint. See Local Rule 83-2.1 ("An appearance before the Court on behalf of another party or a class may be made only by an attorney admitted to the Bar of or permitted to practice before this Court."). The failure to file a substitution of counsel or a written response to this Court's order to show cause by August 15, 2011 may result in dismissal of this action without prejudice.

IT IS SO ORDERED.