ERIC J. TROUTMAN (State Bar No. 229263)
ejt@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Ave., Suite 700
Irvine, CA 92612
Telephone:  (949) 442-7110
Facsimile:   (949) 442-7118

MARK D. LONERGAN (State Bar No. 143622)
mdl@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:  (415) 398-3344
Facsimile:   (415) 956-0439

Attorneys for Defendant
WELLS FARGO DEALER SERVICES, INC., formerly
known as WACHOVIA DEALER SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA JOHNSON, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>    vs.<br><br>WELLS FARGO DEALER SERVICES, INC., formerly known as WACHOVIA DEALER SERVICES, INC.,<br><br>      Defendant. | Case No.:  CV11-03590 PA (JCx)<br>Hon. Percy Anderson<br>Ctrm. 15<br><br>***-PROPOSED CLASS ACTION-***<br><br>**ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>Complaint Filed:  April 26, 2011 |

1    Defendant WELLS FARGO DEALER SERVICES, INC., formerly known as

2  WACHOVIA DEALER SERVICES, INC., ("Defendant") hereby answers the

3  Class Action Complaint filed in this action by Plaintiff Claudia Johnson, as follows:

4        1.    Answering Paragraph 1 of the Complaint, Defendant admits that

5  Plaintiff purports to assert claims for alleged violations of the Telephone Consumer

6  Protection Act, 47 U.S.C. § 227 (the "TCPA").  Except as expressly admitted,

7  Defendant denies each and every other allegation set forth therein.

8        2.    Answering Paragraph 2 of the Complaint, Defendant admits that

9  Plaintiff purports to assert claims for alleged violations of the TCPA.  Except as

10  expressly admitted, Defendant denies each and every other allegation set forth

11  therein.

12        3.    Answering Paragraph 3 of the Complaint, Defendant does not

13  challenge this Court's jurisdiction under the Class Action Fairness Act of 2005.

14        4.    Answering Paragraph 4 of the Complaint, Defendant does not

15  challenge the venue selected by Plaintiff.

16        5.    Answering Paragraph 5 of the Complaint, Defendant lacks sufficient

17  information or belief to admit or deny whether Plaintiff is now, or ever was, its

18  customer and on that basis denies the allegation.  Defendant lacks information or

19  belief sufficient to admit or deny the further allegations of paragraph 5 of the

20  Complaint as they pertain to the individual Plaintiff.  Except as specifically denied

21  on the basis of information or belief, Defendant denies each and every other

22  allegation set forth therein.

23        6.    Answering Paragraph 6 of the Complaint, Defendant admits that its

24  principal place of business is in California and that it is a California corporation.

25  Except as specifically admitted herein, Defendant denies each and every other

26  allegation set forth therein.

27

28

---

07685/0896/942585.2                                -2-                    ANSWER TO COMPLAINT
                                                                   Case No.:  CV11-03590 PA (JCx)

7.      Answering Paragraph 7 of the Complaint, Defendant admits that it is the successor to Wachovia Dealer Services, Inc. but denies each and every other allegation set forth therein.

8.      Answering Paragraph 8 of the Complaint, Defendant admits that it has placed calls to a phone associated with Plaintiff's husband's account, but denies that any such calls were prohibited under the TCPA and further denies each and every other allegation of this paragraph.

9.      Answering Paragraph 9 of the Complaint, Defendant admits that it has placed calls to a phone associated with Plaintiff's husband's account during the timeframe referenced, but denies that any such calls were prohibited under the TCPA and further denies each and every other allegation of this paragraph.

10.     Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation set forth therein.

11.     Answering Paragraph 11 of the Complaint, Defendant denies each and every allegation set forth therein.

12.     Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation set forth therein.

13.     Answering Paragraph 13 of the Complaint, Defendant denies each and every allegation set forth therein.

14.     Answering Paragraph 14 of the Complaint, Defendant admits that Ms. Johnson did not co-sign on the vehicle purchase contract, but denies each and every allegation set forth therein.

15.     Answering Paragraph 15 of the Complaint, Defendant denies each and every allegation set forth therein.

16.     Answering Paragraph 16 of the Complaint, Defendant denies each and every allegation set forth therein.

17.     Answering Paragraph 17 of the Complaint, Defendant denies each and every allegation set forth therein.

18.     Answering Paragraph 18 of the Complaint, Defendant states that this paragraph contains a purported class definition which Defendant is not called upon to admit or deny.

19.     Answering Paragraph 19 of the Complaint, Defendant states that this paragraph contains a purported class definition which Defendant is not called upon to admit or deny.

20.     Answering Paragraph 20 of the Complaint, Defendant states that this paragraph contains a purported class definition which Defendant is not called upon to admit or deny.

21.     Answering Paragraph 21 of the Complaint, Defendant states that this paragraph contains purported class exclusions which Defendant is not called upon to admit or deny.

22.     Answering Paragraph 22 of the Complaint, Defendant denies each and every allegation set forth therein.

23.     Answering Paragraph 23 of the Complaint, Defendant denies each and every allegation set forth therein, including each subparagraph.

24.     Answering Paragraph 24 of the Complaint, Defendant denies each and every allegation set forth therein, including each subparagraph.

25.     Answering Paragraph 25 of the Complaint, Defendant denies each and every allegation set forth therein.

26.     Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation set forth therein.

27.     Answering Paragraph 27 of the Complaint, Defendant denies each and every allegation set forth therein.

28.     Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation set forth therein.

29.     Answering Paragraph 29 of the Complaint, Defendant denies each and every allegation set forth therein.

1    30.    Answering Paragraph 30 of the Complaint, Defendant denies each and
2    every allegation set forth therein.

3    31.    Answering Paragraph 31 of the Complaint, Defendant denies each and
4    every allegation set forth therein.

5    32.    Answering Paragraph 32 of the Complaint, Defendant denies each and
6    every allegation set forth therein.

7    33.    Answering Paragraph 33 of the Complaint, Defendant denies each and
8    every allegation set forth therein.

9    34.    Answering Paragraph 34 of the Complaint, Defendant denies each and
10   every allegation set forth therein.

11   35.    Answering Paragraph 35 of the Complaint, Defendant incorporates by
12   reference and restates its response to each paragraph 1-34 above.

13   36.    Answering Paragraph 36 of the Complaint, Defendant denies each and
14   every allegation set forth therein.

15   37.    Answering Paragraph 37 of the Complaint, Defendant denies each and
16   every allegation set forth therein.

17   38.    Answering Paragraph 38 of the Complaint, Defendant denies each and
18   every allegation set forth therein.

19   39.    Answering Paragraph 39 of the Complaint, Defendant incorporates by
20   reference and restates its response to each paragraph 1-38 above.

21   40.    Answering Paragraph 40 of the Complaint, Defendant denies each and
22   every allegation set forth therein.

23   41.    Answering Paragraph 41 of the Complaint, Defendant denies each and
24   every allegation set forth therein.

25   42.    Answering Paragraph 42 of the Complaint, Defendant denies each and
26   every allegation set forth therein.

27

28

43.     Answering Paragraph 43 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief they seek and alternatively prays for relief as set forth below.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendants assert the following further and affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff lacks standing to sue Defendant, and to represent any supposed class members on any claim against Defendant.

### THIRD AFFIRMATIVE DEFENSE
### (Procedural and Substantive Due Process Rights)

The imposition of statutory damages under the TCPA against Defendant would violate the due process provisions of the United States Constitution and/or applicable state constitutions.

### FOURTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

The award of statutory penalties against Defendants would violate the prohibition against excessive fines of the United States Constitution.

### FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Applicable statutes of limitations, including, without limitation, 28 U.S.C. § 1658, bar the claims of Plaintiff, or any persons she purports to represent.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff is barred, in whole or in part, from maintaining her alleged causes of action because she consented to receive calls of the type she alleges that Defendant caused to be sent to her.  Alternatively her husband consented to the receipt of calls on the cell phone, which consent authorized Defendant to contact the cell phone and Plaintiff's incidental receipt of calls to the phone does not give rise to standing to assert a claim.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff is barred from recovery by the doctrine of laches because Plaintiff, and/or class members, knew of the purported acts or omissions she ascribes to Defendant and was fully aware of her rights against Defendant (if any) but nevertheless inexcusably and unreasonably delayed in asserting those rights to the prejudice of Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part as a result of her failure to mitigate her alleged damages, if any.

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Unclean Hands)

3        Plaintiff is precluded from any recovery from Defendant, or any such

4   recovery must be reduced, as a result of Plaintiff's failure to do equity in the

5   matters alleged in the Complaint.

6

## TWELFTH AFFIRMATIVE DEFENSE

7

### (Arbitration Provision)

8        Plaintiff's action is barred in whole or in part because purported class

9   members have executed agreements containing arbitration provisions requiring that

10  any claim or dispute they may have against Defendant must be arbitrated.  By

11  accepting said provisions, the purported class members expressly waived their right

12  to participate in a class action and cannot be members of any class created in this

13  case.

14

## THIRTEENTH AFFIRMATIVE DEFENSE

15

### (Reservation of Rights)

16       Defendant expressly reserve the right to assert such other and further

17  affirmative defenses as may be appropriate.

18

19

20

21

22

23

24

25

26

27

28

**PRAYER**

WHEREFORE, Defendant requests the following relief:

(1)    That Plaintiff's Complaint be dismissed with prejudice;

(2)    That Plaintiff take nothing by virtue of the Complaint;

(3)    That Judgment be entered in Defendant's favor; and

(4)    That the Court award such other relief as is just and proper under the circumstances.


DATED:  July 21, 2011                    SEVERSON & WERSON
                                         A Professional Corporation


                                         By:    /s/ Eric J. Troutman
                                                  Eric J. Troutman

                                         Attorneys for Defendant
                                         WELLS FARGO DEALER SERVICES,
                                         INC., formerly known as WACHOVIA
                                         DEALER SERVICES, INC.

## CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Irvine, California; my business address is Severson & Werson, The Atrium, 19100 Von Karman Ave., Suite 700, Irvine, CA 92612.

On the date below I served a copy, with all exhibits, of the following document(s):  **ANSWER TO PLAINTIFF'S COMPLAINT** on all interested parties in said case addressed as follows:

| | |
|---|---|
| Charles T. Mathews, Esq. | Attorney for Plaintiff |
| George S. Azadian, Esq. | CLAUDIA JOHNSON |
| THE MATHEWS LAW GROUP | Telephone:  (626) 683-8291 |
| 2596 Mission Street, Suite 204 | Facsimile:  (626) 683-8295 |
| San Marino, CA  91108 | Email:     ted@ctmesq.com |
| | george@ctmesq.com |

☒ **(BY MAIL)**  By placing the envelope for collection and mailing following our ordinary business practices.  I am readily familiar with the firm's practice of collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Irvine, California in sealed envelopes with postage fully prepaid.

☒ **(BY ELECTRONIC SERVICE)**  Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  The Court's CM/ECF system sends an e-mail notification of the filing to the parties and counsel of record listed above who are registered with the Court's EC/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

This declaration is executed in Irvine, California, on July 21, 2011.

/ s /Natalie L. Athas
Natalie L. Athas