SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-03590 PA (JCx) | | Date | September12, 2011 |
|---|---|---|---|---|
| Title | Claudia Johnson et al. v. Wells Fargo Dealer Services, Inc. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS—ORDER TO SHOW CAUSE

        Before the Court is the parties' Joint Scheduling Conference Report and Proposed Discovery Plan, and Stipulation for Protective Order ("26(f) Report") (Docket No. 29).  Plaintiff Claudia Johnson has brought a Class Action Complaint for damages and injunctive relief pursuant to the Telephone Consumer Protection Act, 42 U.S.C. § 227 et seq., against Defendant Wells Fargo Dealer Services, Inc.  The 26(f) Report was filed on August 27, 2011, and purports to designate March 12, 2012, as the final date for the filing of a class certification motion.

        Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court."  "'Local rules are 'laws of the United States,'' and "valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'"" United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995) and Fed. R. Civ. P. 83).

        The date for filing such a motion has come and gone.  Specifically, pursuant to the Court's order of May 20, 2011, which granted Plaintiff an extension of time to file her class certification motion, Plaintiff was to do so by August 9, 2011.  The Court hereby orders Plaintiff to show cause in writing why it should not strike the class allegations from her Complaint for failure to comply with Local Rule 23-3.  Plaintiff is ordered to respond to this Order to Show Cause by September 19, 2011.  The Scheduling Conference on this matter, previously scheduled for September 12, 2011, is continued to September 26, 2011, at 10:30 a.m.

        IT IS SO ORDERED.